## (July 6, 1982)

■ ESTHER BERMAN, Respondent, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants. — In a declaratory judgment action to determine the rights and obligations of the parties under a bond and mortgage on real property, defendants appeal from a judgment of the Supreme Court, Nassau County (Di Paola, J.), dated April 21, 1981, which declared that plaintiff's liability on said bond and mortgage is limited to $7,500. Judgment affirmed, without costs or disbursements. We agree with Special Term that by inserting the figure $7,500 in the bond and mortgage as the amount of plaintiff mortgagor's indebtedness, and then adding language regarding future advances, the county created an ambiguity in the terms of the instrument. This ambiguity exists, even if the deletion appearing on the face of the instrument as recorded in the Nassau County Clerk's office is found to have appeared thereon at the time of its execution by the parties. Upon the trial date of this action, the parties stipulated to the facts, adding none which shed any light on their intentions concerning the limit of liability under the bond and mortgage. Thus, since the county drafted the bond and mortgage, Special Term properly concluded that any ambiguity therein should be resolved against it. (See *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 348.) Accordingly, Special Term was correct in construing the bond and mortgage in plaintiff's favor and interpreting it as limiting plaintiff mortgagor's maximum mortgage debt to $7,500. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.